## UNION BANK *vs.* FORSTALL ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

If the President of a Bank gives a certificate to one of the clerks on dismissing him from service, expressing his satisfaction with his good conduct while in the employment of the Bank, it does not discharge him and his sureties from liability on discovering afterwards that he had embezzled the funds of the Bank.

This is an action against the defendants as sureties for a clerk in the Union Bank, who had embezzled the funds of the Bank to the amount of five thousand six hundred and fifty dollars. The defendants are sued on their bond, which is given in a penalty of five thousand dollars, for which amount the plaintiffs pray judgment.

The defendants pleaded that the Bank had approved the conduct of the clerk, while in their employment, and discharged him, and suffered him to go at large and unmolested for a long time since he left their employment, by reason of which they have been deprived of the opportunity to compel him to secure or cover his defalcations, and that they are not liable for his conduct.

Upon this issue the cause was tried before a jury. Several witnesses were called to prove the embezzlement and defalcation of the clerk. It appeared in evidence that Mr. Morgan, as President of the Bank, gave this clerk on dismissing him from service, a certificate, expressing his satisfaction for his conduct whilst employed in the Bank. Subsequently to this it was discovered he had been guilty of embezzlement of the Bank funds.

The jury returned a verdict of three thousand three hundred and thirty-three dollars and thirty-three cents against the defendants; and from judgment rendered thereon they appealed.

*Denis,* for the plaintiffs.

*De Armas, contra.*

EASTERN DIST.

May, 1837.

UNION BANK
*vs.*
FORSTALL ET AL.

*Martin, J.*, delivered the opinion of the court.

The defendants complain of a judgment against them, as sureties on the bond for one of the plaintiffs' clerks, who is shown to have embezzled money to a greater amount than the penalty of the bond. Their only defence is, that the clerk was dismissed with a certificate from the president, expressing his satisfaction with the good conduct of the clerk, while in the plaintiff's employ.

Our attention is drawn to a bill of exceptions, apparently taken by the defendants' counsel to the refusal of the court to charge the jury, that if they believed the president had authority to give the certificate, it is binding on the bank, and even if it does not contain the truth; and in that case the defendants ought to be discharged.

*If the president of a bank gives a certificate to one of the clerks, on dismissing him from service, expressing his satisfaction with his good conduct, while in the employment of the bank, it does not discharge him and his sureties from liability, on discovering afterwards that he had embezzled the funds of the bank.*

Although the bill of exceptions seems to have been taken by the defendants to a refusal to give the charge, it leaves it doubtful whether it was not taken by the plaintiffs to the giving of the charge, as their counsel requested the bill to be signed.

Viewing the point in the light most favorable to the defendants and appellants, that is to say, admitting that the certificate is binding on the bank, the court ought not to have charged the jury, that it operated the discharge of the defendants.

The certificate must be taken as containing the truth, for the contrary is not alleged; we must, therefore, presume, that the discovery of the clerk's misconduct was posterior to it. This circumstance leaves the defendants without defence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.